**Mary KOZLESKY, Plaintiff,**

**v.**

**BOARD OF TRUSTEES FOR AMALGAMATED DEPARTMENT STORE AND RETAIL EMPLOYEES RETIREMENT INCOME PLAN; David Chaney, Murray H. Finley, Bernard J. Firestone, William McClow, Jacob Sheinkman, Max Ungar, Valentin J. T. Wertheimer, Ronald De-Fusco, Philip E. Heideman, and Carl Levin, Defendants.**

**No. 77–40111.**

United States District Court,
E. D. Michigan, S. D.

Sept. 2, 1982.

States Joint Board, Retail and Department Store Employees Amalgamated Clothing Workers of America entered into a collective bargaining agreement which provided for the establishment of a pension fund for the employees. The collective bargaining agreement provided for a fixed contribution to the fund from each employee and gave the trustees of the fund authority to set benefit levels and eligibility requirements. Defendants' exhibit 1, Collective Bargaining Agreement, p. 14. The trustees, thereupon, adopted a pension plan which contained the following pertinent provisions:

1. employees of initial participating employers were given past service credit for service rendered prior to the commencement of contributions.

2. 15 years of credited service was required for retirement (with certain exceptions not relevant here), at age 65 or 62 for early retirement.

3. a voluntary break in service rule resulted in cancellation of all previous credit upon a one-year absence from contributory employment.

4. an involuntary break-in-service rule with two provisions: (a) a two-year break in contributory service before cancellation of credit, (b), if the employee reached retirement age (62) during that two-year period they would be eligible for a pension without loss of prior service credits.

5. no vesting.

The plaintiff in this case worked for Federal's from 1955 to 1973. She lost her job in 1973 when the store she worked in was closed permanently. At that time, she was fifty-nine years old, a few months short of reaching retirement age within two years. Plaintiff did not resume employment with a contributing employer within the next two years. On reaching age sixty-two, plaintiff applied for early retirement benefits, but was denied under the involuntary break-in-service rule. She then brought this action challenging that rule.

The pension fund at issue is subject to § 302(c) of the Labor Management Relations Act, 29 U.S.C. § 186(c). In that stat-

Daniel D. Bremer, Flint, Mich., for plaintiff.

Leonard Schneider, Detroit, Mich., Robert Schanzer, New York City, for defendants.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This case has been submitted to the Court on cross motions for summary judgment. The facts have been stipulated to by the parties.

Plaintiff was an employee of Federal Department Store. In 1967, plaintiff's employer and plaintiff's union, the Central

ute, Congress required that pension funds be set up "for the sole and exclusive benefit of the employees ..." 29 U.S.C. § 186(c). The Supreme Court has held that in enacting § 302, Congress intended to impose on the trustees of such funds traditional fiduciary duties. *NLRB v. Amax Coal Co.*, 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). In this case, plaintiff is claiming the trustees breached those duties.[1]

Under the common law, trustees may not act arbitrarily or capriciously toward the intended beneficiaries of the trust. *Kosty v. Lewis*, 319 F.2d 744 (C.A.D.C., 1963) cert. den. 575 U.S. 964. Arbitrary and capricious has been defined as "so patently arbitrary and unreasonable as to lack foundation" factually or legally. *Roark v. Lewis*, 401 F.2d 425, 469 (C.A.D.C., 1968).

Plaintiff argues that the involuntary break in service rule is arbitrary and capricious on its face, citing *Lee v. Nesbitt*, 453 F.2d 1309 (C.A. 9, 1972). In that case, the Ninth Circuit Court of Appeals invalidated a simple break in service rule that did not differentiate between voluntary and involuntary breaks. The trustees tried to justify the rule by claiming it was designed to encourage long term employment in the industry. The Court found that, although this was a legitimate purpose, the break in service rule did not further that purpose by eliminating workers who had enough credited years to qualify for a pension but lost their rights due to an involuntary break prior to reaching retirement age. The Third and Seventh Circuit Courts of Appeals have also found break in service rules may be arbitrary as applied to an involuntary break. *Knauss v. Gorman*, 583 F.2d 82 (C.A. 3, 1979); *Van Fossan v. Int. Brotherhood of Teamsters Union Local # 710 Pension Fund*, 649 F.2d 1243 (C.A. 7, 1981). None of these cases, however, dealt with a break in service rule aimed specifically at involuntary breaks.[2]

In the case before this Court, the trustees have asserted basically two justifications for the rule: (first), it was adopted as part of a total pension plan in which certain restrictive eligibility rules (i.e., break-in-service, no vesting) had to be adopted to allow other liberal requirements (i.e., 15 years credited service necessary, credits given for past service) to be adopted without jeopardizing the financial health of the plan; (second), to change the rule now would cause the plan's collapse.

Actuarial considerations and the long-term health of the plan are valid concerns of the trustees. *Local Union # 15, supra; Van Fossan, supra.* Eligibility requirements are necessary to further these concerns and to a certain extent *all* eligibility requirements are arbitrary. In this case, the trustees considered the harsh effect a simple break-in-service rule would have in the case of involuntary break and attempted to soften it by giving the employee two years to find covered employment. The trustees claim this provision was adopted as a trade off to allow other, more liberal, eligibility requirements. This Court is un-

---

1. Defendant submitted *United Mine Workers v. Robinson*, —— U.S. ——, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1981) to the court and argued that it simply restricts this court's review. In that case, however, plaintiffs were challenging provisions of a trust which had been established in a collective bargaining agreement. The Supreme Court held that § 302(c)(5) does not authorize judicial review of *collective bargaining agreements* for reasonableness. That is not the issue in this case where the provisions challenged were set by the trustees and not in a collective bargaining agreement.

The Court did raise another problem in *Robinson*, however, when it said at footnote 12: "The Court did not decide, [in *Amax, supra*] nor do we decide today, whether federal courts sitting as courts of equity are authorized to enforce those duties." All the appellate courts before which such challenges to the reasonableness of a pension agreement have been raised have assumed jurisdiction under § 302. If the trustees' duties are imposed by that statute as the Court states in *Amax*, there would be a strong argument that this court has authority to enforce them. In this case, however, the court would also have diversity jurisdiction.

2. In addition, *Knauss* and *Van Fossan* were both remanded to the trial court to make findings as to the reasons for the employee's departure (Van Fossan), or to produce persuasive evidence of the actuarial necessity for the break-in-service clause.

willing to say such a decision is arbitrary and capricious.

For the above-stated reasons, defendants' motion for summary judgment is granted and plaintiff's motion is denied.

IT IS SO ORDERED.